UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-61312-CIV-COHN/WHITE
(CASE NO. 09-60229-CR-COHN)

HENRY WAINWRIGHT,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

### ORDER ADOPTING REPORT AND RECOMMENDATION AND TRANSFERRING CASE TO ELEVENTH CIRCUIT

**THIS CAUSE** is before the Court upon the Report and Recommendation [DE 5] ("Report") of Magistrate Judge Patrick A. White concerning Movant Henry Wainwright's pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [DE 1] ("Motion"). The Court has carefully reviewed the Report and Motion and is otherwise fully advised in the premises.[1]

Following a jury trial before this Court, Wainwright was convicted of five charges relating to the commission of an armed robbery. See Case No. 09-60229-CR-COHN (S.D. Fla. filed Aug. 26, 2009) ("Wainwright I"). Based on certain prior convictions, Wainwright qualified as an armed career criminal, see 18 U.S.C. § 924(e); Wainwright I, DE 302 at 9, and the Government sought an enhanced sentence of life imprisonment

---

[1] Due to the time-sensitive nature of the Report, discussed herein, the Court has not waited the normal time period to allow Wainwright to file any objections. In this regard, the Court finds that immediate adoption of the Report is in Wainwright's best interests and in the interests of justice.

on two counts.  See 18 U.S.C. § 3559(c); Wainwright I, DE 216.  In total, the Court sentenced Wainwright to life imprisonment and to a consecutive term of 60 months.  See Wainwright I, DE 276 at 2; DE 302 at 33.  Wainwright appealed his convictions, and the Eleventh Circuit affirmed.  See Wainwright I, DE 331.

In 2012, Wainwright filed a motion pursuant to 28 U.S.C. § 2255, challenging his convictions and sentences.  See Case No. 12-61727-CIV-COHN/WHITE, DE 1, 60 (S.D. Fla. filed Sept. 4, 2012) ("Wainwright II").  The Court denied that § 2255 motion on the merits and denied a certificate of appealability.  See Wainwright II, DE 116, 158.

Recently, Wainwright filed his present Motion, again seeking relief under § 2255.  Wainwright chiefly argues that his enhanced sentence is no longer valid in light of Johnson v. United States, 135 S. Ct. 2551 (2015), which held that the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), violates due process.  The Supreme Court has ruled that Johnson applies retroactively to cases on collateral review.  See Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

In the Report, Magistrate Judge White observed that Wainwright had earlier filed a § 2255 motion denied on the merits, and had not sought authorization from the Eleventh Circuit to file the present Motion.  See 28 U.S.C. § 2244(b)(3)(A); DE 5 at 7.  Judge White thus concluded that the Motion is an "unauthorized second or [successive] Section 2255 motion," which this Court lacks jurisdiction to consider on the merits.  DE 5 at 7 (citing Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997)).[2]

---

[2]  As pertinent here, Wainwright may file a second or successive § 2255 motion if the Eleventh Circuit finds it to contain "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h)(2).

In this case, however, Judge White noted that a special time constraint exists. Specifically, a concurring opinion in a recent Eleventh Circuit decision pointed out that prisoners who wish to assert a Johnson claim in a second or successive § 2255 motion "may only have until June 26, 2016," to apply for permission to do so. In re Robinson, — F.3d —, 2016 WL 1583616, at *2 (11th Cir. Apr. 19, 2016) (Martin, Circuit Judge, concurring in judgment) (citing Dodd v. United States, 545 U.S. 353, 359 (2005)). That is so because the one-year limitations period for a § 2255 motion based on Johnson runs from the date of that decision—June 26, 2015—not the date on which it was declared retroactive to cases on collateral review. See 28 U.S.C. § 2255(f)(3) (providing, as relevant here, that the one-year period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"); Dodd, 545 U.S. at 358-59 ("[I]f this Court decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from this Court's decision within which to file his § 2255 motion.").

Given this time constraint, and "in the interests of justice," Magistrate Judge White concluded that "a direct transfer of this case to the Court of Appeals, pursuant to 28 U.S.C. § 1631[,] is warranted."[3]  DE 5 at 8.  Judge White explained that this direct

---

[3] Section 1631 reads as follows:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the

3

transfer, "when viewed not only as a successive Section 2255, but as an application seeking permission to file such a motion, would avoid the possibility that movant's request fails to reach the appellate court in a timely fashion." Id. at 7 (citing Guenther v. Holt, 173 F.3d 1328 (11th Cir. 1999) (discussing, without deciding, whether such a transfer may be proper)).[4]

After a careful review, this Court agrees with Magistrate Judge White's reasoning, conclusions, and recommendations as set forth above. Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1.  The Magistrate Judge's Report and Recommendation [DE 5] is **ADOPTED**.

2.  In accordance with 28 U.S.C. § 1631, the Clerk shall **TRANSFER** this action to the United States Court of Appeals for the Eleventh Circuit. This Court respectfully requests that the Eleventh Circuit treat Movant's motion as an application for leave to file a second or successive § 2255 motion.

3.  The Motion to Stay and Hold the Attached Rule § 2255 Motion in Abeyance [DE 4] is **DENIED**.

4.  The Clerk shall **CLOSE** this case and **DENY AS MOOT** all pending motions.

---

time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

[4] Wainwright has also filed a "Motion to Stay and Hold the Attached Rule § 2255 Motion in Abeyance" [DE 4]. That document (1) states that Wainwright has already filed with the Eleventh Circuit an application to file the present Motion, and (2) asks this Court to stay the case and hold the Motion in abeyance pending a decision on that application. But even if Wainwright has mailed such an application to the court of appeals, this Court will directly transfer the action to ensure that an authorization request is timely filed. Further, because this Court lacks jurisdiction over the Motion, the Court cannot stay the case or hold it in abeyance.

If Movant receives authorization from the Eleventh Circuit to file a second or successive § 2255 motion, he shall file a notice with this Court within 30 days after receiving that authorization, so that the Clerk may reopen this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 24th day of June, 2016.

_____
JAMES I. COHN
United States District Judge

Copies provided to:

Magistrate Judge Patrick A. White

Counsel of record

Henry Wainwright, pro se